IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELLY ETIENNE,
    Plaintiff,

vs.                                                  Case No.: 3:11cv622/LAC/EMT

WARDEN CENTURY C.I.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff, a Florida inmate proceeding pro se, initiated this action by filing a petition for writ of mandamus (doc. 1). He has failed to either pay the $350.00 filing fee, or file a motion to proceed in forma pauperis. However, the court will not require him to do so at this time as his petition should be denied and this cause dismissed.

        Plaintiff is an inmate currently housed at Century Correctional Institution ("CCI") serving a life sentence. Through the instant action, he seeks an order compelling the warden of CCI to transfer him to another institution. Plaintiff feels that his life is in danger because of the nature of his offense conduct—sexual battery on a victim younger than twelve years old—and events that have happened at CCI (i.e., threats by other inmates or staff).

        A party who seeks a writ of mandamus bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). This Plaintiff cannot do. Regardless of whether Plaintiff has any other means of attaining the relief requested, this court simply does not have jurisdiction to afford the requested relief. Federal courts do not have the power to compel performance by a state official. Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973);[1] Moye v. Clerk,

---

[1] All cases from the former Fifth Circuit handed down by the close of business on September 30, 1981, are binding on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

DeKalb County Super. Ct., 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Ct. of Texas, 440 F.2d 383 (5th Cir. 1971); *see also* Acosta v. Sheldon, 2010 WL 146862 (M.D. Fla. 2010); Hernandez v. Charlotte Correctional Inst. Staff, 2006 WL 33449552 (M.D. Fla. 2006). Thus, Plaintiff's request for a writ of mandamus must be denied. To the extent Plaintiff claims violations of his constitutional rights, he may initiate a new action by filing a civil rights complaint form pursuant to 42 U.S.C. § 1983 and submitting either the $350.00 filing fee or filing a motion to proceed in forma pauperis with supporting documentation. *See* Hernandez, *supra*.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of mandamus be **DENIED** and this cause be **DISMISSED**.

At Pensacola, Florida, this 5th day of January 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**